# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 18, 2012

No. 11–20883
Summary Calendar

Lyle W. Cayce
Clerk

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 716, AFL-CIO,

Plaintiff - Appellee

v.

ALBEMARLE CORPORATION, INC.,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-5063

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Albemarle Corporation ("Albemarle") appeals the district court's grant of summary judgment in favor of the Plaintiff-Appellee International Brotherhood of Electrical Workers, Local Union No. 716, AFL-CIO ("the Union").  We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11–20883

# I

Albemarle manufactures specialty chemicals and operates a chemical plant in Pasadena, Texas. The Union is the collective bargaining representative of Albemarle's hourly employees assigned to perform electrical craft work at the Pasadena plant. They are parties to a collective bargaining agreement ("CBA"), which provides for arbitration in limited circumstances. Whether the CBA entitles the Union to arbitration now is central to this dispute.

Pursuant to the CBA, the Union filed a grievance, known as Grievance 10-02:

> We are grieving that Albemarle will not allow (15) minutes at the beginning of each regularly scheduled shift and (15) minutes at the end of each regularly scheduled shift to change clothes and go to the job location as per contract agreement Article XI - Hours and Overtime A.#4.

This grievance was denied at all stages of internal review. Because Albemarle refused to arbitrate the grievance, the Union sued Albemarle to compel arbitration. The Union's complaint makes clear that it intends to compel arbitration of Grievance 10-02.

Both parties moved for summary judgment. The Union claimed that Albemarle's refusal to submit Grievance 10-02 to arbitration violates the CBA. Albemarle contended that the Union was attempting to arbitrate issues outside the scope of Grievance 10-02 by recharacterizing the subject matter of the grievance.

The district court concluded that Grievance 10-02 fell within the scope of the CBA's arbitration clause and granted summary judgment for the Union. The district court refused to address whether the Union was improperly using Grievance 10-02 to raise new claims that had not passed through the internal review process because the district court understood that to be a question for the

No. 11–20883

arbitrator to resolve under the terms of the CBA. Albemarle appeals, raising one issue for this court's review: whether the district court erred in compelling arbitration.

It is undisputed that the CBA allowed the Union to raise Grievance 10-02 and that the CBA thus entitles the Union to arbitration on that grievance. The particular issue in dispute is whether Grievance 10-02 encompasses the claims on which Union seeks to compel arbitration. A threshold issue this court must address is whether that is a question for the court to decide—or for the arbitrator to decide.

## II

This court reviews an order compelling arbitration de novo. *Paper, Allied-Indus. Chem. & Energy Workers Int'l Union, Local 4-12*, 657 F.3d 272, 275 (5th Cir. 2011). This court recently explained that "[i]n determining whether the grievances at issue are arbitrable, we must examine the scope of the parties' agreement, as reflected in the arbitration clause." *Id.* We are obligated "to enforce the parties' . . . agreement 'according to its terms.'" *Stolt-Nielsen S.A. v. Animal Feeds Int'l Corp.*, 130 S. Ct 1758, 1772 n.8 (2010) (quoting *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 58 (1995)).

The CBA entitles the Union to arbitration on "grievances," which include "any dispute between Albemarle and the U[nion] involving the proper application of, interpretation of, or compliance with this agreement." CBA, Art. VI(B). The CBA does not, however, extend the right to arbitration to "complaints," which involve claims that do not allege "violation[s] of the bargaining agreement." *Id.* Article VI(B) of the CBA prohibits the parties from attempting to arbitrate a "complaint" by disguising it as a "grievance": "It is agreed that no complaint shall be filed which falsely cites a contract violation merely for the purpose of elevating the complaint to grievance status." In resolving the arbitration, "[t]he sole function of the arbitrator [under Article VII

3

No. 11–20883

of the CBA] shall be to determine whether Albemarle or the [Union] is correct with reference to the proper application and interpretation of, or compliance with, this agreement.”

Albemarle claims that *Paper, Allied-Industrial Chemical & Energy Workers International Union, Local 4-12*, 657 F.3d 272 (5th Cir. 2011) [*PACE*] requires this court to look beyond the grievance to ascertain the actual issues the Union hopes to raise in its arbitration. *PACE* is not so broad in scope. *PACE* involved a CBA that limited arbitration to “good faith claim[s] by one party that the other party has violated a written provision of the [CBA].” *Id.* at 276.

In assessing the arbitrability of the grievance in *PACE*, this court explained:

> If the collective bargaining agreement provided that “[a]n arbitrable grievance is a claim by one party that the other party has violated a written provision of this Agreement,” our task would be an easy one. The Union's claim that Exxon–Mobil violated section 1131 of the agreement when it engaged independent contractors would be arbitrable. But that is not what the agreement provides. The element of “good faith” is included in the arbitration clause. The words “good faith” are not surplusage and reflect that not every claim that the collective bargaining agreement has been violated is arbitrable.

*Id.* at 275–76.

Here, the CBA requires that the Union meet certain procedural requirements before it may arbitrate a claim and expressly leaves to the arbitrator the question of “whether Albemarle or the [Union] is correct with reference to the proper application and interpretation of, or compliance with, this agreement.” It is undisputed that the Union met the procedural requirements to arbitrate. Further, the question of whether the Union is “falsely cit[ing] a contract violation merely for the purpose of elevating the complaint to

4

No. 11–20883

grievance status" is a question for the arbitrator under the terms of the CBA.[1] It is clear that the Union's right to arbitration is limited to the scope of Grievance 10-02 and that the Union's complaint is limited to Grievance 10-02. Thus, the district court did not err in ordering Albemarle to arbitrate Grievance 10-02. It is the arbitrator's task to evaluate that grievance in light of the CBA; if the Union attempts to raise issues outside of its scope, the arbitrator need not consider them. We AFFIRM.

---

[1] No level of the internal review process showed that Grievance 10-02 was a complaint disguised as a grievance.